```
RANDY S. GROSSMAN
Acting United States Attorney
C. SETH ASKINS
California Bar No. 235190
LYNDZIE M. CARTER
Kansas Bar No. 25773
California Bar No. 327930
Assistant United States Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6692/8780
seth.askins@usdoj.gov
lyndzie.carter@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

FILED
AUG 25 2021
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  v.<br><br>ABRAHAM PENA (2),<br><br>              Defendant. | Case No. 19-CR-01941-JLS<br><br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and C. Seth Askins and Lyndzie M. Carter, Assistant United States Attorneys, and defendant, ABRAHAM PENA, with the advice and consent of Kathryn Neal Nester, counsel for defendant, as follows:

//
//
//
//
//

LMC:7/23/21

Def. Initials A.P.

# I

## THE PLEA

**A.   THE CHARGE**

Defendant agrees to plead guilty to the single-count Information charging defendant with:

> On or about April 29, 2019, within the Southern District of California, defendants, KARINA GONZALEZ-BURGOIN and ABRAHAM PENA, did knowingly and intentionally import 500 grams and more, to wit: approximately 23.88 kilograms (52.64 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960, and Title 18, United States Code, Section 2.

**B.   FORFEITURE**

The defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. The defendant further waives defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings.  Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above.  Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

//
//
//
//
//
//

CR AP

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1. Defendant knowingly brought methamphetamine into the United States from a place outside the United States; and

2. Defendant knew that it was methamphetamine or some other federally controlled substance.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of methamphetamine involved in the offense was at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. That on or about April 29, 2019, defendant knowingly and intentionally drove a Dodge Ram, bearing California license 83559N2, from Mexico into the United States through the Calexico West, California Port of Entry (POE).

2. That at the time the vehicle described above entered the United States through the Calexico West, POE, it was being driven in tandem with a Nissan Sentra, bearing California license 8JRM385, driven by codefendant KARINA GONZALEZ-BURGOIN. Concealed within co-defendant's vehicle was approximately 23.88 kilograms (52.54 pounds) of methamphetamine, a Schedule II Controlled Substance.

3. That at the time defendant and his codefendant knowingly and intentionally drove the two vehicles described above into the United States through the Calexico West, POE, he knew that co-defendant's vehicle contained approximately 23.88 kilograms (52.54 pounds) of methamphetamine, or some other Controlled Substance.

3

Def. Initials A.P.
___CR___

## III

## **PENALTIES**

The crime to which defendant is pleading guilty carries the following penalties:

A. A maximum life in prison; and a mandatory minimum 10 years;

B. A maximum $10,000,000 fine;

C. A mandatory special assessment of $100.00 per count; and

D. A term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

E. Possible ineligibility for certain federal benefits.

## IV

## **DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

//
//
//
//
//

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened Defendant or Defendant's family to induce this guilty plea;

5

Def. Initials A.P.
CR

D. Defendant is pleading guilty because Defendant is guilty and for no other reason; and,

E. The disposition contemplated by this agreement is part of a "package" disposition with codefendant(s) KARINA GONZALEZ-BURGOIN. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the

Def. Initials A.P.
___CR___

Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2D1.1] | 38* |
| 2. | Importation of Methamphetamine [§ USSG 2D1.1(b)(5)] (**If** Defendant is not subject to an adjustment for role under § 3B1.2) | +2 |
| 3. | Safety Valve (if applicable) [§§ 2D1.1(b)(18) and 5C1.2] | -2** |
| 4. | Acceptance of Responsibility [§ 3E1.1] | -3 |

|   |   |   |
|---|---|---|
| 5. | Combo of Factors/Full Appellate Waiver § 5K2.0] | -2 |

\* The actual Base Offense Level (BOL) cannot be determined until a laboratory has weighed and performed a chemical analysis of the substance, so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with the results of the laboratory testing. If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, the defendant will be ineligible for any role reduction.

\*\* If your client meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2 or meets the requirements under USSG § 5C1.2(a)(2)-(5) and the criminal history requirements as provided in the First Step Act, the United States will recommend a two-level reduction of the guidelines and relief from any statutory mandatory minimum sentence.

B.  ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

//
//

8                                    Def. Initials A.P.
                                     ___CR_____

C. **FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553**

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. **NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY**

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. **"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION**

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. **PARTIES' RECOMMENDATIONS REGARDING CUSTODY**

The Government agrees to recommend the greater of: low end of the advisory guideline range as calculated by the Government; the statutory mandatory minimum sentence, if applicable; or the time served in custody at the time of sentencing.

G. **SPECIAL ASSESSMENT**

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//

Def. Initials A.P.
___CR_____

H. SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Def. Initials A.P.
___CR___

     Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    A.   ~~Failing to plead guilty pursuant to this agreement;~~

    B.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

    C.   Failing to appear in court;

    D.   Attempting to withdraw the plea;

    E.   Failing to abide by any court order related to this case;

    F.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

    G.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

     If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

     Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual

11          Def. Initials A.P.
                                          CR

basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//

12                                        Def. Initials A.P.
                                          ___CR___

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

8/9/2021
_____
DATED

_____
C. SETH ASKINS
LYNDZIE M. CARTER
Assistant U.S. Attorneys

8/6/21
_____
DATED

_____
KATHRYN NEAL NESTER
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

08-06-21
_____
DATED

_____
ABRAHAM PENA
Defendant

Approved by:

s/ C. Seth Askins
_____
C. SETH ASKINS
Assistant U.S. Attorney

Rev. 7/20/21

13

Def. Initials A.P.
___CR___